**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DEQUANDRE HUNT,

       Petitioner,

v.                                    Case No. 12-13105

MICHAEL CURLEY,

       Respondent.

_____/

**ORDER GRANTING MOTION TO HOLD HABEAS PETITION**
**IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE**

      This is a habeas case filed by a state prisoner under 28 U.S.C. § 2254. Michigan

prisoner Dequandre Lonzo Hunt is currently incarcerated by the Michigan Department

of Corrections at the Baraga Maximum Correctional Facility in Baraga, Michigan, where

he is serving concurrent prison terms of six years, six months to thirty years for a first-

degree home-invasion conviction and two to six years for a cocaine conviction.

Petitioner's convictions occurred following a jury trial in the Genesee County Circuit

Court. On March 17, 2011, the Michigan Court of Appeals affirmed his convictions and

sentences. *People v. Hunt*, No. 295967, 2011 WL 923547 (Mich. Ct. App. Mar. 17,

2011) (per curiam). On July 25, 2011, the Michigan Supreme Court denied his

application for leave to appeal. *People v. Hunt*, 800 N.W.2d 89 (Mich. 2011).

      Petitioner filed this *pro se* habeas petition on July 16, 2012, challenging his

convictions on the same grounds he raised on direct appeal: (1) the evidence was

insufficient to support his convictions; (2) trial counsel was ineffective for failing to object

to the jury instructions and for failing to investigate the potential bias of a juror; and (3)

the trial judge sentenced him on the basis of inaccurate information.  When Petitioner filed his habeas petition, he also filed a "Motion to Hold Petition for Writ of Habeas Corpus in Abeyance."  In the motion, Petitioner alleges that he has newly discovered evidence that his appellate counsel was ineffective in his direct appeal for failing to raise claims regarding the Fourth Amendment and due process.  He therefore asks the court to stay his habeas proceedings so he could return to state court to exhaust his state-court remedies.

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'"  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citation omitted) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam)); *see also* 28 U.S.C. § 2254(b)(1).  The doctrine of exhaustion of state remedies requires state prisoners to fairly present their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas petition. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) ("Section 2254(c) requires only that state prisoners give state courts a fair opportunity to act on their claims.").  The exhaustion requirement is satisfied if a prisoner invokes "one complete round of the State's established appellate review process," *O'Sullivan*, 526 U.S. at 845; in Michigan, this means a petitioner must present all of his claims to both the Michigan Court of Appeals and the Michigan Supreme Court, *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002)(citing *Dombkowski v. Johnson*, 488 F.2d 68, 70 (6th Cir. 1973)).  The petitioner bears the burden of showing that his or her state-court remedies have been exhausted.

2

*Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citing *Darr v. Burford*, 339 U.S. 200, 218-19 (1950)).

The exhaustion doctrine, in the context of habeas cases, turns upon an inquiry of whether there are available state-court procedures for a habeas petitioner to exhaust his or her claims.  *O'Sullivan*, 526 U.S. at 847.   In this case, Petitioner's method of properly exhausting his newly discovered claims in the state courts would be through filing a motion for relief from judgment with the Genesee County Circuit Court under Michigan Court Rule 6.502.  *See Wagner v. Smith*, 581 F.3d 410, 419 (6th Cir. 2009).  If Petitioner is unsuccessful in the trial court, the denial of his motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal.  Mich. Ct. R. 6.509(A); *Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D.  Mich. 1997).

The court will grant Petitioner's motion to stay his habeas proceedings while he returns to the state courts to exhaust.  The court finds that the outright dismissal of the habeas petition, albeit without prejudice, might result in precluding the court from considering Petitioner's direct-appeal claims due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1).  A common circumstance that justifies abating a habeas petition arises when an original petition containing exhausted claims was timely filed, but the petitioner also wishes to include in that petition claims that are not yet exhausted. *See Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002).  The United States Supreme Court, in fact, has suggested that a habeas petitioner who is concerned that time spent pursuing state post-conviction relief take his claims outside of AEDPA's

3

one-year limitations period could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the conclusion of the state post-conviction proceedings. *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005)). This is the situation in Petitioner's case. Thus, the court will stay the proceedings.

However, even where a district court determines that a stay is appropriate pending exhaustion of state-court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that there are no delays by Petitioner in exhausting his state-court remedies, this court will impose upon him time limits within which he must present his claims to the Michigan courts and return to this court after his state remedies are exhausted. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). The tolling is conditioned upon Petitioner initiating his state, post-conviction remedies within thirty days of the issuance of this order, if he has not already done so, and returning to federal court within thirty days of completing the exhaustion of his state post-conviction remedies. *See Hargrove*, 300 F.3d at 721; *Geeter v. Bouchard*, 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003) (citing *Hargrove*, 300 F.3d at 718). Accordingly,

IT IS ORDERED that Petitioner's "Motion to Hold Petition for Writ of Habeas Corpus in Abeyance" [Dkt. # 2] is GRANTED. The cause is STAYED and the amended petition is HELD IN ABEYANCE pending exhaustion of Petitioner's unexhausted claims. Petitioner shall file a motion for relief from judgment in state court within **thirty days** of the date of this order, and a motion to lift the stay and an amended petition in this court within **thirty days** following the conclusion of the state-court proceedings. "'If either

4

condition of the stay is not met, the stay may later be vacated *nunc pro tunc* as of the

date the stay was entered, and the petition may be dismissed.'" *Palmer*, 276 F.3d at

781 (quoting *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)).

Finally, IT IS ORDERED that, to avoid administrative difficulties, the clerk of court

is DIRECTED to close this case for statistical purposes only.  Nothing in this order or in

the related docket entry shall be considered a dismissal of this matter.  Upon receipt of

a motion to lift the stay following exhaustion of state remedies, the court will order the

clerk to reopen this case for statistical purposes.

       s/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated:  August 30, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, August 30, 2012, by electronic and/or ordinary mail.

       s/Lisa Wagner
       Case Manager and Deputy Clerk
       (313) 234-5522